IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James T. Dunn, Jr., ) | |
| ) | C/A No. 0:09-3236-RMG-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Mildred[1] L. Rivera, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The petitioner, James T. Dunn, Jr. ("Dunn"), a self-represented federal prisoner currently housed at FCI-Estill of the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 42 U.S.C. § 2241. In his Petition, Dunn alleges that BOP has erroneously calculated his sentence. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion to dismiss.[2] (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 16.) Dunn filed a response in opposition. (ECF No. 18.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted and Dunn's Petition denied.

---

[1] It appears that the proper spelling of the respondent's first name is "Mildred."

[2] The respondent does not specify under which provision of the Federal Rules of Civil Procedure this motion is made. Assuming that the motion is under Rule 12(b)(6), the court observes that the respondent presented matters outside the pleadings with regard to this motion, to which Dunn had an opportunity to respond. Therefore, the court is treating the respondent's motion as one for summary judgment pursuant to Rule 56. See Fed. R. Civ. P. 12(d).

**BACKGROUND**

This Petition raises an issue concerning the computation by BOP of jail time credits for Dunn's sentence imposed by the Superior Court for the District of Columbia.[3] The following facts appear to be undisputed. On October 13, 1989 Dunn was arrested by the District of Columbia Metropolitan Police on a warrant issued from the Superior Court for the District of Columbia. The charge was first degree murder while armed. On April 5, 1990, Dunn was released on bond. Dunn was arrested again on March 29, 1991 by the District of Columbia Metropolitan Police for possession with intent to distribute crack cocaine and possession of a firearm during a drug trafficking offense. Dunn was subsequently indicted in the United States District Court for the District of Columbia for these offenses and remained in custody.

On November 6, 1991, the United States District Judge sentenced Dunn to a 121-month federal term of imprisonment for unlawful possession with intent to distribute 50 grams or more of a mixture containing cocaine base, as well as aiding and abetting ("District Court sentence"). On November 8, 1991, Dunn was sentenced in the Superior Court for the District of Columbia to a term of imprisonment of fifteen years to life for second degree murder while armed ("Superior Court sentence").

BOP calculated Dunn's District Court sentence as commencing on November 6, 1991 and credited him with a total of 222 days of jail credit from and including March 29, 1991 (the day that he was arrested on the District Court offenses) through November 5, 2001 (the day before his District Court sentence commenced). As a result of Dunn's jail credit, his good conduct time credit (470

---

[3] As discussed below, BOP is responsible for execution and calculation of sentences imposed under the District of Columbia Code of Laws.

days), and an order reducing Dunn's District Court sentence to 120 months, Dunn was released from imprisonment on his District Court sentence on December 14, 1999.

After Dunn's Superior Court sentence was imposed, BOP received a District of Columbia Department of Corrections "Face Sheet" reflecting the computation of his Superior Court sentence. The Face Sheet indicated that Dunn's Superior Court sentence was calculated as commencing on November 8, 1991, with credit for a total of 399 days of jail credit from and including October 13, 1989 (the day that he was arrested on the Superior Court offense) through April 5, 1990 (the day he was released on bond) and from March 29, 1991 (the day that he was arrested on the District Court offense) through November 7, 1991 (the day before his Superior Court sentence commenced). The Face Sheet indicated that Dunn's projected Parole Eligibility date was October 4, 2005. Upon review, BOP determined that sentence reflected on the Face Sheet was incorrectly computed. Pertinent to the instant Petition, BOP determined that pursuant to D.C. Code § 24-431(a), Dunn was not entitled to credit for the time from March 29, 1991 through November 7, 1991, as this time was spent in custody on charges unrelated to the Superior Court charges. The re-computation of Dunn's Superior Court sentence changed his Parole Eligibility date to November 29, 2010.

Dunn argues in his Petition that he is entitled to the entire 399 days of jail credit as indicated on the Face Sheet, which is 223 more days than BOP calculated. He asserts that there is no legal authority for BOP to reduce the jail credit indicated on the Face Sheet and that there is nothing in the District of Columbia's Code of Laws that prohibits him from receiving the entire 399 days of jail time credit toward his Superior Court sentence. However, in his response in opposition to the motion to dismiss, Dunn changes his argument. Rather than seeking credit for the entire time from March 9, 1991 through November 7, 1991 on his Superior Court sentence, Dunn asserts that he is entitled to additional jail credit for time he spent in custody from *August 6, 1991* through

November 7, 1991, which amounts to 94 additional days, for a total of 269 days of jail time credit. In support of this argument, Dunn asserts that beginning August 6, 1991 he was in "official detention" on the Superior Court charges because he was being held without bond on those charges. (ECF No. 18 at 2.)

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow

the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

**C.     Discussion**

Dunn is in BOP custody for his Superior Court sentence pursuant to the National Capital Revitalization and Self Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)), which places upon BOP the responsibility of incarcerating District of Columbia Code felony offenders. Thus, BOP has the authority to compute and execute these sentences, including computing pre-sentence credits and determining the sentence termination date. Jail credit for Dunn's Superior Court sentence is governed by Title 24, D.C. Code § 221.03(a), which provides, in pertinent part: "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody . . . as a result of the offense for which the sentence was imposed." D.C. Code § 24-221.03(a) (formerly D.C. Code § 24-431). Further, BOP has issued a Program Statement establishing procedures for computing

Page 5 of 9
PJG

sentences for inmates sentenced pursuant to the District of Columbia Code. See Program Statement 5880.33, District of Columbia Sentence Computation Manual (July 9, 2010) (formerly Program Statement 5880.32, reissued and reformatted without any textual changes), available at http://www.bop.gov/DataSource/execute/dsPolicyLoc (follow the "Browse Series" hyperlink on the "Inmate and Custody Management" row, then follow the "District of Columbia Sentence Computation Manual" hyperlink) (last visited Oct. 22, 2010).[4] Paragraph 8.8 of the Program Statement discusses jail credit and provides in relevant part:

> **"In custody" time** (official detention), for jail time crediting purposes, begins on the date taken into custody on the basis of the offense for which the sentence was imposed.
>
> \* \* \*
>
> b.  Jail time credit will be awarded, or not awarded, for the following reasons:
>     1)  **Federal or non-federal arrest on the D.C. Code charge for which the sentence was imposed.** Time spent in official detention as a result of the offense for which the sentence was imposed will be awarded.

Id.; (see also Mot. to Dismiss, Ex. 2, ECF No. 15-2 at 2) (emphasis in original).

As stated above, Dunn appears to contend that he is entitled to additional jail credit toward his Superior Court sentence for time spent in custody from August 6, 1991 through November 7, 1991 based on his assertion that, in addition to being detained pursuant to his United States District Court charges, he was being held without bond on his Superior Court charges. However, the record shows that the only time that Dunn spent "in custody . . . *as a result* of the offense for which the [Superior Court] sentence was imposed" was from October 13, 1989 through April 5, 1990. D.C. Code § 24-221.03(a) (emphasis added). The only other time that Dunn was in pre-trial custody was

---

[4] The pertinent part of the previous Program Statement, which changed by numerical designation only, is attached to the respondent's motion to dismiss. (See ECF No. 15-2.)

from March 29, 1991 through November 5, 1991.⁵ This jail time was not served *as a result* of his Superior Court offense; rather, it was served as a result of his arrest for his District Court offenses, and Dunn received credit for this time on his District Court sentence.

The court observes that granting Dunn credit for any of this time on the consecutive Superior Court sentence would result in Dunn receiving double credit, to which he is not entitled. Although addressing slightly different circumstances from those presented here, other courts applying D.C. Code § 24-221.03(a) have recognized that it does not permit "double credit" for time served. See, e.g., McGrigs v. Killian, No. 08 Civ. 6238(RMB)(DF), 2009 WL 3762201, at *6-*7 (S.D.N.Y. Nov. 10, 2009) (rejecting the petitioner's argument that the same period of incarceration should be credited to two separate sentences and indicating that under D.C. Code § 24-221.03(a) credit may not be given on one sentence for time spent serving another sentence); see also Ali v. District of Columbia, 612 A.2d 228, 230 (D.C. App. 1992) (holding that a defendant was not entitled to pre-sentence credit for time spent in custody when the defendant was serving a sentence for another offense).

Moreover, while Dunn may contend otherwise, the only evidence before the court reveals that Dunn was in custody as a result of charges unrelated to the Superior Court sentence. Dunn relies on the notations "HWOB"—presumably, "held without bond"—on two Superior Court forms, one indicating that Dunn entered a plea of guilty and the other granting defense counsel's motion to continue sentencing. (See ECF No. 18-1 at 2-3.) This notation fails to demonstrate that Dunn was in custody as a result of the Superior Court charges. Rather, he was already in custody as a result of his unrelated District Court charges.

---

⁵ As stated above, in his response to the respondent's motion, Dunn has stated that he is only seeking credit for a portion of that time, specifically from August 8, 1991 through November 5, 1991. He also seeks credit for November 6 and November 7, 1991.

*PJG*

Based on all of the foregoing and contrary to Dunn's belief, he is not entitled to any credit against his Superior Court sentence for the time he spent in custody from August 6, 1991 through November 7, 1991. Accordingly, Dunn has not established that he is entitled to habeas relief on this basis.

### RECOMMENDATION

The court therefore recommends that the respondents' motion (ECF No. 15) be granted and Dunn's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 25, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).