IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James T. Dunn, Jr., | ) | Civil Action No. 0:09-cv-3236-RMG |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Mildered L. Rivera, Warden, | ) | |
| Respondent. | ) | |

This is a *pro se* habeas action brought pursuant to 42 U.S.C. Section 2241 challenging the Bureau of Prison's (hereafter "BOP") calculation of Petitioner's prison sentences. The matter comes before the Court on a Report and Recommendation of Magistrate Judge Paige Gossett recommending the denial of the Petition for Writ of Habeas Corpus and the grant of Respondent's Motion to Dismiss. The Magistrate Judge makes only a recommendation to the District Court. The District Court is charged with making a *de novo* review of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. 28 U.S.C. 636(B)(1).

Petitioner challenges the methodology utilized by the BOP in calculating his sentences regarding two separate and distinct sets of criminal charges. The first charge involved an October 13, 1989 arrest of Petitioner on the charge of first degree murder while armed pursuant to a warrant issued by the Superior Court of the District of Columbia. Petitioner was released on bond on this charge on April 5, 1990.

Petitioner's second charge involved an arrest on March 29, 1991 for possession with intent to

distribute crack cocaine and possession of a firearm during a drug trafficking offense. Petitioner was indicted by the United States District Court for the District of Columbia for these offenses and remained in custody continuously on these charges. Petitioner was sentenced on November 6, 1991 by an United States District Judge for 121 months for unlawful possession with intent to distribute 50 grams or more of a mixture containing cocaine base as well as aiding and abetting.

Petitioner was sentenced on November 8, 1991 by the Superior Court of the District of Columbia to a term of 15 years to life for second degree murder while armed. The Superior Court sentence was to run consecutively after Petitioner completed his District Court sentence of 121 months.

The BOP calculated jail credit for Petitioner's District Court sentence to begin on March 29, 1991, the date of his arrest and continuous custody. This provided Petitioner 222 days of jail credit prior to Petitioner's sentence by the United States District Court on November 6, 1991. BOP was also responsible under the District of Columbia Code of Laws to calculate Petitioner's Superior Court sentence. BOP credited his Superior Court sentence for Petitioner's period of incarceration from the time of his arrest on the Superior Court charges on October 13, 1989 until his release on bond on April 5, 1990. Petitioner began serving his Superior Court sentence on December 14, 1999 after he completed his District Court sentence.

Petitioner contends that he should be given credit on his Superior Court sentence for his period of incarceration following his arrest on District Court charges on March 29, 1991 until he was sentenced for his Superior Court charges on November 8, 1991. Petitioner relies on a document produced by the District of Columbia Department of Corrections which provided him credit for the period of incarceration from March 29-November 8, 1991 on his Superior Court sentence. The BOP

asserts that such jail credit would be improper since this period of incarceration was the result of his arrest on the District Court drug charges and was unrelated to Petitioner's Superior Court murder charge. Further, BOP asserts that Petitioner had already been given credit for this time on his District Court sentence and Petitioner's approach would result in double credit for this period of incarceration. The BOP notes that it, and not the District of Columbia Department of Corrections, is charged with calculating sentences in the District of Columbia.

The Magistrate Judge carefully analyzed the various documents, statutes and policies related to the calculation of Petitioner's sentence and concluded that the BOP accurately computed Petitioner's sentence. The Court has reviewed the record *de novo,* the applicable laws and policies in this matter, the Report and Recommendation and the Petitioner's Objections and concluded that the Magistrate's Report and Recommendation is correct. Therefore, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. Entry 21) and incorporates it into this Order. The Court **GRANTS** the Respondent's Motion to Dismiss (Dkt. Entry 15) and **DENIES** Petitioner's Petition for Writ of Habeas Corpus (Dkt. Entry 1).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 29, 2010
Charleston, South Carolina